# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT PIKEVILLE

ROBERT PUGH, *et al.*,

    Plaintiffs,

V.

AIG PROPERTY CASUALTY COMPANY, DURRETT INSURANCE AGENCY, and VIRGINIA GOFF

    Defendants.

CIVIL NO. 7:17-143-KKC

**OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion to remand (DE 4) filed by the plaintiffs (collectively "Pugh"). Because Pugh has not articulated a colorable claim against the defendants who are citizens of Kentucky, the motion will be denied.

Pugh filed this action in Letcher Circuit Court against his insurer – AIG Property Casualty Co. – and the insurance agency and agent who sold him the policy alleging that all three negligently failed to renew the policy. (DE 1-1, State Court Complaint.) Pugh makes clear in a motion to remand that he asserts only a negligence claim in the state court action. (DE 4, Mot. at 2, ¶2.)

AIG removed the action to this Court, asserting that this Court has jurisdiction under 28 U.S.C. § 1332. That statute provides that district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C.A. § 1332(a)(1). AIG recognizes that plaintiff Pugh is a Kentucky citizen and that defendants Virginia Goff (the insurance agent) and Durrett Insurance Agency

are also Kentucky citizens. In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship. *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999).

AIG argues that removal is nonetheless proper here because the Court need not consider the citizenship of Durrett or Goff because they have been "fraudulently joined" as defendants in this action. "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir.1992)).

It is well established that the burden of proving fraudulent joinder of a non-diverse defendant is on the removing party. *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 948-949 (6th Cir. 1994). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). If there is a colorable basis for predicting that a plaintiff may recover against a non-diverse defendant, this Court must remand the action to state court. *Id.* The test is not whether the defendants were added to defeat removal but "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (citation and quotations omitted). All disputed questions of fact and all ambiguities in the controlling state law should be resolved in favor of the plaintiff. *Id.*

In order to state a negligence claim under Kentucky law, a plaintiff must establish the following elements: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky.1992). AIG argues that Pugh has not asserted a colorable negligence claim against Goff or Durrett because neither the insurance agency nor the agent had a duty to renew Pugh's insurance policy or even the authority to do so. The policy provides that AIG is the entity that has authority to renew the policy. (DE 1-2, Policy at CM-ECF pp. 45, 49.) Likewise, a Kentucky statute imposes certain obligations on an insurer who declines to renew a policy but imposes no such obligations on an insurance agent or agency. KRS 304.20-230(3).

In his reply brief, Pugh points out that, in his complaint, he alleged that Goff and Durrett admitted to him that it was their duty to renew the policy. Any such misrepresentation may support a misrepresentation claim against Goff and Durrett. Pugh does not, however, assert that claim. He asserts only a negligence claim against them. Any alleged misrepresentation by Goff and Durrett that they had the ability to renew the policy themselves does not, by itself, create a duty for them to do so as required for a negligence claim.

The Kentucky Supreme Court has held that an insurance agent ordinarily owes only a duty to his principal, the insurer. *Mullins*, 839 S.W.2d at 248. An agent may assume a duty to the insured by implication. *Id.* Pugh, however, does not set forth any basis for this Court to find that either Goff or Durrett assumed such a duty. Pugh points to a letter from AIG to the Pennsylvania Insurance Department that he alleges demonstrates a "course of dealing" between Goff and Pugh. In the letter, AIG references e-mail communications between Goff and an AIG underwriter regarding the non-renewal of Pugh's policy. (DE 1-4, April 6, 2017 letter.)

The Court assumes Pugh argues that the letter indicates Goff routinely assumed the duty to communicate on Pugh's behalf with AIG in order to renew his policy. The actual correspondence between Goff and the underwriter is not in the record. Regardless, the AIG letter indicates that all correspondence between Goff and AIG occurred after AIG sent notice to Pugh that the policy would not be renewed. Accordingly, the correspondence is not evidence that Goff routinely communicated on Pugh's behalf in order to renew the policy.

In his reply brief, Pugh argues that AIG failed to demonstrate in its notice of removal that the amount in controversy exceeds $75,000 as required for federal diversity jurisdiction. In his state court complaint, however, Pugh states that the defendants' failure to renew the policy has cost him "hundreds of thousands of dollars in business opportunity. . . ." (DE 1-1, Complaint, ¶ 7.) When a state court complaint explicitly seeks damages exceeding $75,000 and the action is then removed, the damages claim is presumed correct unless shown to a "legal certainty" that the amount is actually less than the federal standard. *Gafford v. General Electric Co.*, 997 F.2d 150, 157 (6th Cir.1993). If a plaintiff's claim in state court is for unspecified damages, the removing defendant must prove that it is "more likely than not" that the plaintiff's claim meets the federal amount-in-controversy requirement. *Id.* at 158. Here, under either standard, the Court must find the amount-in-controversy requirement is met. Pugh states in his state-court complaint that he has suffered hundreds of thousands of dollars in damages. In his briefing on the motion to remand, he makes no argument to the contrary.

For all these reasons, the Court hereby ORDERS as follows:

1) the motion to remand (DE 4) is DENIED;

2) the motion for leave to file sur-reply (DE 9) is GRANTED and the Clerk of the Court SHALL FILE the tendered sur-reply in the record. The sur-reply is necessary because in his reply brief Pugh cites for the first time exhibits to the state court complaint. Those exhibits do not exist in the record. The sur-reply explains what the documents are and responds to the arguments about the documents made in the reply brief. In resolving the motion to remand, the Court has also considered the arguments regarding the documents set forth in Pugh's response to AIG's motion to file the sur-reply; and

3) Pugh's motion for ruling (DE 13) is DENIED as moot.

Dated March 29, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY