# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT PIKEVILLE

| | |
|---|---|
| ROBERT PUGH, *et al.*,<br><br>    Plaintiffs,<br><br>V.<br><br>AIG PROPERTY CASUALTY COMPANY, DURRETT INSURANCE AGENCY, and VIRGINIA GOFF<br><br>    Defendants. | CIV. NO. 7:17-143-KKC<br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the plaintiffs' motion to reconsider (DE 18) the Court's order denying their motion to remand. In the order, the Court found that non-diverse defendants Virginia Goff and Durrett Insurance Agency had been fraudulently joined and, thus, this Court has diversity jurisdiction over the action.

Also before the Court is Goff and Durrett's motion to dismiss (DE 17) them from this action. Finally, the plaintiffs move the Court to amend their complaint to add claims and allegations against Goff and Durrett.

For the following reasons, the Court continues to find that the complaint at the time of removal fraudulently joined Goff and Durrett. Thus, the Court will deny the motion to reconsider and grant the motion to dismiss. As to the motion to amend the complaint, the Court will deny it.

**I. Background**

The plaintiffs (collectively, "Pugh") filed this action in Letcher Circuit Court against their insurer – AIG Property Casualty Co. – and the insurance agency and agent who sold him the

insurance policy at issue alleging that all three negligently failed to renew the policy. (DE 1-1, State Court Complaint.) Pugh made clear in his motion to remand that he asserts only a negligence claim in the state-court action. (DE 4, Mot. at 2, ¶2.)

AIG removed the action to this Court, asserting that this Court has jurisdiction under 28 U.S.C. § 1332. That statute provides that district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C.A. § 1332(a)(1). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship. *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C*., 176 F.3d 904, 907 (6th Cir.1999).

Plaintiff Pugh is a Kentucky citizen, and defendants Virginia Goff (the insurance agent) and Durrett Insurance Agency are also Kentucky citizens. AIG argued in its notice of removal that removal was nonetheless proper here because the Court need not consider the citizenship of Durrett or Goff because they have been "fraudulently joined" as defendants in this action. "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Id*. (quoting *Batoff v. State Farm Ins. Co*., 977 F.2d 848, 851 (3d Cir.1992)).

It is well established that the burden of proving fraudulent joinder of a non-diverse defendant is on the removing party. *Alexander v. Electronic Data Systems Corp*., 13 F.3d 940, 948-949 (6th Cir. 1994). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne v. American Tobacco Co*., 183 F.3d 488, 493 (6th Cir. 1999). If there is a colorable basis for predicting that a plaintiff may recover against a non-

diverse defendant, this Court must remand the action to state court. *Id*. The test is not whether the defendants were added to defeat removal but "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949 (citation and quotations omitted). All disputed questions of fact and all ambiguities in the controlling state law should be resolved in favor of the plaintiff. *Id*.

In order to state a negligence claim under Kentucky law, a plaintiff must establish the following elements: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky.1992). In removing this action, AIG argued that Pugh has not asserted a colorable negligence claim against Goff or Durrett because neither the insurance agency nor the agent had a duty to renew Pugh's insurance policy or even the authority to do so.

There is no dispute that AIG did not renew Pugh's insurance policy. The issue on the motion to remand was whether there is a reasonable basis for predicting that state law might impose liability upon Goff or Durrett for AIG's failure to renew the policy. In its prior opinion on the motion to remand, the Court noted that there is no dispute that neither Goff nor Durrett had even the ability to renew the AIG policy. The policy provides that AIG "may elect not to renew the policy." (DE 1-2, Policy at CM-ECF pp. 45, 49.) It does not provide that either Goff or Durrett or any other insurance agent has any authority over renewing the policy.

Lacking even the ability to renew the policy, neither Goff nor Durrett could be deemed under Kentucky law to have had a duty to renew the policy. Thus, in denying the motion to remand, the Court determined there was no colorable basis for predicting that a Kentucky court might impose liability on Goff or Durrett for failing to renew the policy.

## II. Motion to Reconsider

In Pugh's motion to reconsider the Court's denial of his motion to remand, Pugh argues the Court's ruling erred in two ways. First, he argues that the Court failed to acknowledge that Durrett is an independent insurance agency and, thus, owes a duty of reasonable care to its insureds. This may be true, but the issue on this motion is whether Goff or Durrett owed Pugh a specific duty: the duty to renew the AIG policy. Again, Pugh does not dispute that AIG had the sole authority to renew his policy. Thus, there is no colorable basis for predicting that Goff or Durrett would be found negligent for failing to renew it.

Second, Pugh argues that, in ruling on the motion to remand, the Court failed to consider Exhibit D to AIG's Notice of Removal. Pugh describes the exhibit as a "series of emails between Goff and AIG regarding Pugh's request to Goff to have the AIG insurance policy renewed." (DE 18, Mem. at 5.) Exhibit D to AIG's Notice of Removal is actually a letter from AIG to the Pennsylvania Insurance Department. (DE 1-4, April 6, 2017 Letter.) The letter responds to Pugh's complaint to the department, which alleged that AIG failed to renew his policy without cause.

In the letter, AIG states that Pugh's policy was not renewed due to "adverse loss experience." AIG states that it notified Pugh of the reason for the nonrenewal.

As Pugh requests, the Court will consider the letter in ruling on the motion to reconsider and the motion to remand. When ruling on a motion to remand, including the issue of fraudulent joinder, the court may consider material outside the pleadings like the AIG letter "for the limited purpose of determining whether there are undisputed facts that negate the claim." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (internal quotations and citation omitted). The AIG letter merely confirms that the insurer AIG had sole authority to renew the policy and

makes clear that AIG's purported reason for electing not to renew the policy was "adverse loss experience."

In his reply brief, Pugh asserts that his complaint does not assert that Goff and Durrett failed to actually renew the policy but that they "fail[ed] to assist [him] in insuring that the worker's compensation policy was renewed, as they were asked to do." (DE 24, Reply at 5.) Pugh argues in his reply brief that his claim is that Durrett and Goff breached their duty of care by failing to "negotiate and work with AIG to insure that the policy was renewed." (DE 24, Reply at 6.)

The complaint, however, plainly alleges that Goff and Durrett "failed to renew the workers' compensation and employer's liability insurance coverage for the Plaintiffs even though the Plaintiffs instructed them to renew said policy." (DE 1-1, Complaint ¶ 11.) Moreover, even if this could be construed to assert that Goff and Durrett had a duty to assist him in getting the policy renewed, the complaint does not allege that Pugh suffered any harm as a result of Goff and Durrett's failure to comply with that duty. The complaint asserts that the failure to renew the policy caused Pugh to suffer lost business opportunity, but it does not allege that AIG failed to renew the policy because Goff and Durrett failed to assist him.

In fact, in the AIG letter that Pugh asks the Court to consider, AIG asserts that it did not renew the policy because of "adverse loss experience." Nothing in the complaint disputes that this was AIG's purported reason for failing to renew the policy.

There is not a colorable basis for predicting that a Kentucky court would impose liability upon Goff or Durrett for AIG's decision that it would not renew Pugh's insurance policy because of "adverse loss experience." Accordingly, the motion to reconsider will be denied.

5

**III. Motion to Dismiss**

For these same reasons, Goff and Durrett's motion to dismiss Pugh's claims against them will be granted. Pugh has failed to state a claim against Goff or Durrett for AIG's failure to renew Pugh's insurance policy.

Pugh argues that the motion to dismiss is not timely because Durrett and Goff filed an answer in the state-court action before AIG removed the action to this Court. This argument fails for two reasons.

First, Goff and Durrett's answer asserts the failure-state-a-claim defense. (DE 1-1, CM-ECF p. 27, Answer, First Defense.) Thus, they preserved this defense by including it in the answer. *King v. Taylor*, 694 F.3d 650, 65-57 (6th Cir. 2012); Fed. R. Civ. P. 12(b) (providing that Rule 12 defenses must be asserted "in the responsive pleading."); Fed. R. Civ. P. 12(h)(2)(A). Pugh argues that the defense was asserted only as to one of these two defendants because the answer states that the complaint fails to state a claim against "this Defendant," singular, not plural. The answer was filed on behalf of both Durrett and Goff. The Court will construe the answer to assert the defense as to both defendants.

Second, even if the motion to dismiss should have been labeled a motion for judgment on the pleadings under Rule 12(c), the Court will exercise its discretion "to address substance over form," and will treat the motion to dismiss as a 12(c) motion for judgment on the pleadings. *McGlone v. Bell*, 681 F.3d 718, 728, n.2 (6th Cir. 2012). "The standard of review for entry of judgment on the pleadings under Rule 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a claim under Rule 12(b)(6); the difference between the two rules is simply the timing of the motion to dismiss. For a dismissal under Rule 12(b)(6), the moving party must request judgment in a pre-answer motion or in the answer itself, whereas a

motion for dismissal under Rule 12(c) may be submitted after the answer has been filed." *Jackson v. Heh*, 215 F.3d 1326, 2000 WL 761807, at * 3 (6th Cir. 2000).

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007) (internal citation and quotation marks omitted). A motion brought pursuant to Rule 12(c) is appropriately granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id*. at 582 (internal citation and quotation marks omitted).

Whether analyzed under Rule 12(b)(6) or Rule 12(c), the claims against Goff and Durrett must be dismissed.

### IV. Motion to Amend the Complaint

Finally, Pugh moves to amend his complaint. Pugh states in his motion that the proposed amendments would provide "additional facts" regarding "the heightened nature of the duty of care owed by Durrett and Goff to Plaintiffs." (DE 26, Mem. at 3.) He states that the amended complaint also adds a claim for negligent misrepresentation against Durrett and Goff. In his motion, Pugh states the alleged misrepresentation consists of false statements Durrett and Goff made to Pugh "as to both policies with AIG and BerkleyNet insurance companies." (DE 26, Mem. at 3.) Pugh does not propose to assert any new claims against AIG.

As an initial matter, the Court's jurisdiction is determined by the complaint as it existed at the time of removal. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). The Court has already determined that it has jurisdiction over this action based on the complaint that was operative at the time of removal. Thus, whether or not the Court permits the amendment to

7

add allegations and claims against Goff and Durrett, the Court would retain jurisdiction over the action. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) ("The rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal is obvious. Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved."); *Davenport v. Ford Motor Co.*, No. 1:05-CV-3047-WSD, 2006 WL 2048308, at *6 (N.D. Ga. July 20, 2006) (permitting plaintiff's amendment to assert new claim against a fraudulently joined defendant but stating, "[d]iversity jurisdiction having existed at the time of removal, any subsequent amendment affecting the diversity of the parties will not divest this Court of jurisdiction.") *Nelson v. Whirlpool Corp.*, 727 F. Supp. 2d 1294, 1304 (S.D. Ala. 2010) (Citing *Cavallini* and *Davenport* and stating "the only two cases known to the Court that have addressed the effect of a plaintiff's post-removal amendment of its complaint to state a viable cause of action against an existing, fraudulently joined defendant both concluded that amendment would not divest the court of jurisdiction.")

The Court will not analyze the motion to amend under 28 U.S.C. § 1447(e). That statute applies only where, after removal, the plaintiff seeks to join *additional* defendants whose joinder would destroy diversity jurisdiction. Pugh seeks to add claims and allegations against existing defendants Durrett and Goff. He does not seek to add new defendants.

Instead, the Court will analyze the motion to amend under Rule 15. That rule provides that the Court should freely permit amendments "when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, a motion to amend a complaint should be denied if the amendment would

8

be futile. *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir.1984). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citation omitted).

The tendered amended complaint fails to assert a negligence claim against Goff or Durrett. The amended complaint asserts that Goff and Durrett had the duty "to make sure that" the AIG insurance policy was renewed. (DE 26, Amended Complaint,¶25.) Again, Pugh does not dispute that AIG had the sole authority to renew his policy. Thus, neither Goff nor Durrett could be found negligent for failing to renew the policy or for failing to "make sure that" it was renewed. Neither Goff nor Durrett had that power.

In the amended complaint, Pugh may attempt to allege that AIG failed to renew the policy because Goff and Durrett failed to negotiate with it. As discussed, the AIG letter (DE 1-4) that Pugh has asked the Court to consider makes clear that AIG claims that it did not renew the policy because of "adverse loss experience." In the amended complaint, Pugh does not allege that AIG gave any other reason for failing to renew the policy. Thus, the letter establishes the undisputed fact that AIG claims it did not renew the policy because of "adverse loss experience." Neither Goff nor Durrett could be found liable for AIG's failure to renew the policy on that purported basis.

As to the negligent misrepresentation claim against Goff and Durrett, the proposed amendments are also futile. Regarding the AIG policy, the only misrepresentation that Pugh alleges in the amended complaint is that Durrett and Goff "falsely represented" that they would "negotiate a renewal on behalf of the Plaintiffs." (DE 26, Amended Complaint, ¶ 11.)

This could be interpreted to allege two different things. First, Pugh may allege that Durrett and Goff falsely represented that they would negotiate with AIG and that the negotiations

9

would result in the renewal of the AIG policy. Second, Pugh may allege that Durrett and Goff falsely represented that they would negotiate with AIG to renew the policy and then failed to negotiate with them at all.

The fact that the alleged misrepresentation is unclear is reason alone for finding that the misrepresentation claim based on the AIG policy would not withstand a motion to dismiss. "Notwithstanding the 'short and plain' statement required by Rule 8 of the Federal Rules of Civil Procedure, a party alleging fraud is held to a higher standard and 'must state with particularity the circumstances constituting fraud or mistake.'" *859 Boutique Fitness, LLC v. CycleBar Franchising, LLC*, 699 F. App'x 457, 462 (6th Cir. 2017); Fed. R. Civ. P. 9(b). "This generally requires a plaintiff to specify: (1) what the fraudulent statements were, (2) who made them, (3) when and where the statements were made, and (4) why the statements were fraudulent." *Id*. (internal quotations and citation omitted). "Negligent misrepresentation claims are subject to these same heightened pleading requirements under Kentucky state law." *Id*. The amended complaint does not make clear what the fraudulent statements were, when and where they were made, or why they are fraudulent.

Further, if Pugh alleges that Goff and Durrett misrepresented that their negotiations with AIG would certainly result in renewal of the policy, any such statement cannot form the basis for a fraud claim. "A claim for fraud under Kentucky law . . . 'must relate to an existing or past fact. If the alleged misrepresentation relates to a future promise or an opinion of a future event, then it is not actionable.'" *Crestwood Farm Bloodstock v. Everest Stables, Inc.*, 751 F.3d 434, 444 (6th Cir. 2014) (quoting *Radioshack Corp. v. ComSmart, Inc.*, 222 S.W.3d 256, 262 (Ky.Ct.App.2007)). To the extent that Pugh alleges that Goff and Durrett promised their

negotiations with AIG would result in the policy being renewed, that is a promise or opinion of a future event. It cannot form the basis for a misrepresentation claim.

Moreover, a negligent misrepresentation claim requires that Pugh allege that he justifiably relied upon a false representation by Goff or Durrett, and that he suffered a pecuniary loss as a result of that reliance. *Presnell Const. Managers, Inc. v. EH Const.*, LLC, 134 S.W.3d 575, 580 (Ky. 2004). *See also Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 473 (6th Cir. 2011). Pugh could not have justifiably relied on any representation by Goff or Durrett that they would renew the policy. The policy makes clear that AIG alone "may elect not to renew the policy." (DE 1-2, Policy at CM-ECF pp. 45, 49.) Given the clarity of that provision, it would have been unreasonable for Pugh to rely on any guarantee or other representation by an insurance agency that it would renew the policy.

If, on the other hand, Pugh alleges that the misrepresentation by Goff and Durrett regarding the AIG policy was that they would negotiate on Pugh's behalf for a renewal of the policy, and then they failed to negotiate at all, any such statement is also insufficient for a misrepresentation claim. Pugh alleges a loss as a result of AIG's refusal to renew the policy. It is undisputed that AIG's purported reason for failing to renew the policy was, not because anyone failed to negotiate with it, but because of "adverse loss experience."

Regarding the misrepresentation claim based on the BerkleyNet policy, that claim would not withstand a motion to dismiss because Pugh does not explain how the alleged misrepresentations caused any damages. Pugh asserts that, after the AIG policy was not renewed, he instructed Durrett and Goff to "prepare a worker's compensation and employer liability policy that included coverage for occupational injury." (DE 26, Tendered Amended Complaint, ¶ 14.) Pugh asserts that the BerkleyNet policy did not include all the coverage he requested." (DE 26,

Tendered Amended Complaint, ¶ 14.) He also asserts that he informed Durrett and Goff that the nature of his business "required not only basic worker's compensation coverage, but also occupational disease coverage." (DE 26, Tendered Amended Complaint, ¶33.) He asserts that Durrett and Goff failed "to negotiate and include occupational disease coverage as they represented they would." (DE 26, Tendered Amended Complaint, ¶33.) Pugh does not make any allegations as to how this failure caused him to suffer any loss.

For all these reasons, the Court hereby ORDERS as follows:

1) the motion to reconsider (DE 18) is DENIED;

2) the motion to dismiss (DE 17) by defendants Virginia Goff and Durrett Insurance Agency, LLP is GRANTED and all claims against those defendants are DISMISSED; and

3) the motion to amend the complaint (DE 26) is DENIED.

Dated January 3, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY